Smith v. Goord

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand thirteen.

PRESENT:
> **ROBERT D. SACK,**
> **PETER W. HALL,**
> **DEBRA ANN LIVINGSTON,**
> *Circuit Judges.*

———————————————————————

Andre Smith, AKA Stuckey,

> *Plaintiff-Appellant,*

> v.                                           11-5456

Glenn S. Goord, Commissioner, *et al.*,

> *Defendants-Appellees.*

———————————————————————

**FOR PLAINTIFF-APPELLANT:**          Andre Smith, *pro se*, Delano, CA (on submission).

**FOR DEFENDANTS-APPELLEES:**       Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Andrew D. Bing, Deputy Solicitor General, Kate H. Nepveu, Assistant Solicitor General of Counsel, Albany, NY (on submission).

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant, Andre Smith, *pro se* and incarcerated, appeals from the district court's judgment, following a jury verdict in favor of the defendants, in his action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5. Smith sued prison officials asserting that they failed to provide Islamic religious services at Lakeview Correctional Facility. On appeal, he argues that the jury's verdict was "clearly erroneous" in light of the evidence presented, and that the district court refused to provide, or make available, his exhibits to the jury. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In the main, Smith argues that the jury's verdict was "clearly erroneous." In other words, he challenges the sufficiency of the evidence in support of its finding for the defendants. "[A] party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Kirsch v. Fleet Street, Ltd.,* 148 F.3d 149, 164 (2d Cir. 1998). Between the close of proof and the parties' closing arguments, the trial transcript states: "(Whereupon,

2

legal argument was placed on the record.).”  Smith may have filed such a motion during that interlude; but no motions by Smith appear on the minute entry for the day’s proceedings.  On this record, it appears Smith’s challenge to the sufficiency of the evidence is not properly before us.

In any event, such challenge is without merit.  In reviewing the sufficiency of the evidence at trial, “we view the facts of the case in the light most favorable to the prevailing party.”  *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 77 (2d Cir. 2006).  “[J]udges have a very limited role in controlling jury fact-finding, acting only when they think it highly likely that the jury decided wrongly” or that “the jury relied only on the bases of unsupported surmise and conjecture.”  *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 753 (2d Cir. 2004).  Further, we “defer to the jury’s assessment of witness credibility.”  *United States v. Bala*, 236 F.3d 87, 93 (2d Cir. 2000); *see also United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010) (“Assessments of witness credibility and choices between competing inferences lie solely within the province of the jury.”).

RLUIPA provides that governments may not “impose a substantial burden on the religious exercise” of inmates, unless the burden is the least restrictive means of furthering a compelling governmental interest.  42 U.S.C. § 2000cc-1(a).  “[A] substantial burden on religious exercise exists when an individual is required to ‘choose between following the precepts of her religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of her religion . . . on the other hand.’”  *Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 348 (2d Cir. 2007) (quoting *Sherbert v. Verner*, 374 U.S. 398, 404 (1963)).  We have similarly applied a substantial burden test in the free exercise context.  *Salahuddin v.*

3

*Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006) (noting that, to state a free exercise claim, "[t]he prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs").

Here, given Smith's short stay at Lakeview (which included only four Fridays and no Islamic holidays), a rational fact-finder could have concluded that his religious exercise was not sufficiently burdened by Lakeview's lack of Islamic services. Further, the jury could have rationally found that, even if Smith had established such a burden, the defendants had adequate justification for their action—for example, Lakeview's transient inmate population and its difficulty recruiting an Imam. For similar reasons, a rational fact-finder could have found that Smith failed to prove an equal protection violation. *See Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) ("To prove an equal protection violation, claimants must prove purposeful discrimination.").

Smith's argument about his trial exhibits is belied by the record. During its charge to the jury, the district court advised, "in deciding the case, you may look at the exhibits received into evidence. . . . As to any exhibits which were received, you may examine them upon request and just ask for them and they'll go back to you." After the jury left the courtroom, Smith asked whether the exhibits had been sent with the jury. The district court told him, "Only if they request them." Smith did not object to the charge below and cannot show that the charge contained a plain error affecting a substantial right. *See United States v. Nouri*, 711 F.3d 129, 138 (2d Cir. 2013) (noting that, where a party fails to make a timely objection, jury instructions are reviewed for plain error).

4

Finally, Smith raises no argument concerning his excessive force and Establishment Clause claims. These claims are therefore waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (deeming claims not raised on appeal by *pro se* litigant to be abandoned).

We have considered all of Smith's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk